**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| **Shenzhen Xiangdangwen Technology Co., Ltd.**<br><br>       **Plaintiff**<br><br>  **,**<br><br>       **v.**<br><br>**Clutch Ventures LLC**<br><br>       **Defendant.** | **Case No.**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**AND DEMAND FOR A JURY TRIAL.** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Shenzhen Xiangdangwen Technology Co., Ltd. d/b/a Lisen ("Lisen"), by and through its undersigned counsel, brings this action against Clutch Ventures LLC ("Defendant" or "Clutch") for declaratory judgments that U.S. Patent No. D1,125,031 (the "D031 Patent"), identified in paragraphs 1-49 below, is invalid, unenforceable, and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Lisen's products, and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment of noninfringement, invalidity, and unenforceability of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2.     Defendant Clutch has accused Plaintiff Lisen of infringing the D031 Patent based on Lisen's sale of certain portable charger products, including the LISEN P601 Ultra-thin and Stylish Power Bank, the LISEN Ultra Slim MagSafe Power Bank (5000mAh Qi2), the LISEN Qi2 15 W Ultra Slim MagSafe Power Bank, and related ultra-thin slim portable charger SKUs

(Collectively, the "Accused Products") available on lisen.com and Amazon.com, including under Amazon ASIN B0FX2RQCFV and B0FY66PJ8Y. Clutch has demanded that Lisen cease and desist from manufacturing, importing, selling, and offering for sale the Accused Products, and that Lisen remove the Accused Products from all available sales channels.

3.     Lisen denies that the Accused Products infringe any valid and enforceable claim of the D031 Patent. Lisen further contends that the D031 Patent is invalid, including in view of prior art and Clutch's own asserted public disclosures of the claimed design years before the effective filing date of the D031 Patent, and unenforceable due to inequitable conduct before the USPTO. An actual and justiciable controversy therefore exists between the parties, and Lisen seeks declarations that the Accused Products do not infringe the D031 Patent, that the D031 Patent is invalid, and that the D031 Patent is unenforceable.

## THE PARTIES

4.     Plaintiff Shenzhen Xiangdangwen Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country.

5.     Upon information and belief, Defendant Clutch Ventures LLC is a Florida Limited Liability Company organized and existing under the laws of Florida, having a principal place of business at 10761 Sea Cliff Circle, Boca Raton, Florida 33498.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. This Court has personal jurisdiction over Clutch. Clutch is registered to do business in the State of Florida, has its headquarters located in the State of Florida, and has offices in this District. Clutch, directly and through agents, regularly does, solicits, and transacts business in this District and elsewhere in the State of Florida.

8. Venue is proper in this District under 28 U.S.C. § 1391. Clutch resides in this District and maintains its principal place of business in this District at 10761 Sea Cliff Circle, Boca Raton, Florida 33498. Florida Department of State records identify this address as the principal address and mailing address of Clutch.

9. An immediate, real, and justiciable controversy exists between Lisen and Clutch as to whether Lisen is infringing or has infringed the D031 Patent, whether the D031 Patent is invalid, and whether the D031 Patent is unenforceable.

## THE D031 PATENT

10. A design patent application entitled "Rechargeable battery pack," with Application No. 29/886,925, was filed on March 15, 2023, and ultimately issued as U.S. Patent No. D1,125,031 on May 5, 2026. No earlier priority date is identified on the face of the D031 Patent. A true and correct copy of the D031 Patent is attached hereto as Exhibit    A   . An exemplary figure from the D031 Patent is provided below.



11.     The D031 Patent identifies Wilson Carter as the sole applicant and inventor. Upon information and belief, Wilson Carter is the founder and Chief Executive Officer of Clutch.

12.     The D031 Patent contains a single claim directed to the ornamental design for a rechargeable battery pack, as shown and described in the patent.

13.     The USPTO prosecution history for the D031 Patent does not reflect any applicant-filed Information Disclosure Statement submitted during prosecution.

## BACKGROUND

14.     Lisen, founded on April 7, 2017, is a leading global company primarily engaged in the design, development, and sale of electronic products, mobile-device accessories and computer accessories. Lisen owns the "Lisen" trademark and has designed and developed various Lisen-branded products, including the Accused Products.

15.     Lisen has built substantial goodwill in the Lisen brand through the sale of its products. Lisen has also received strong customer feedback on various platforms, including an overall seller rating of 4.9 out of 5 stars on Amazon.

16.     On May 6, 2026, Lisen received a demand letter from Wilson Carter, acting on behalf of Clutch, alleging that the Accused Products infringe the D031 Patent. In the letter,    Mr. Carter, on behalf of Clutch, demanded that Lisen cease and desist from all manufacture, importation, sale, and offering for sale of the Accused Products and remove the Accused Products from all available sales channels. A true and correct copy of the demand letter is attached hereto as Exhibit    B   .

17.     Lisen denies the allegations made by Mr. Carter on behalf of Clutch. On May 21, 2026, Lisen responded to the demand letter and explained Lisen's position that the D031 Patent is invalid in view of multiple prior art references. See Exhibit    C   .

18.      On May 21, 2026, Mr. Carter, acting on behalf of Clutch, responded to Lisen's invalidity position. In that response, Mr. Carter stated that    "the ornamental design for the Clutch battery pack—including the thin form factor, indicator placement, and cable integration shown in the D031 Patent—was publicly disclosed and commercially launched via Indiegogo on May 22, 2019," and argued that this alleged disclosure and launch predated the prior art references identified by Lisen. Mr. Carter, on behalf of Clutch, nevertheless continued to demand that Lisen remove the Accused Products. See Exhibit    D   .

19.      Clutch therefore admitted through Mr. Carter that the ornamental design shown in the D031 Patent had already been publicly disclosed and commercially launched as of May 22, 2019, nearly four years before the March 15, 2023 filing date of the D031 Patent.

20.      Furthermore, on information and belief, Clutch publicly disclosed and offered a product known as "Clutch Charger V2" on kickstarter.com at least as early as July 2020. Clutch Charger V2 also bears a substantially similar overall appearance to the claimed design of the D031 Patent. See Exhibit    E   .

21.      For illustrative purposes, the following table provides three    representative images depicting the product publicly disclosed on    May 22, 2019   , and two    representative images depicting    Clutch Charger V2.

| May 22, 2019 Public Disclosure | Clutch Charger V2 (July 2020) |
| --- | --- |



22.      The prosecution history of the D031 Patent does not reflect any applicant-filed

Information Disclosure Statement, or any other applicant submission, disclosing to the USPTO the alleged May 22, 2019 public disclosure or Clutch's July 2020 Kickstarter disclosure of Clutch Charger V2. Nor does the prosecution history reflect that the examiner considered or analyzed either disclosure during prosecution.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Non-Infringement of the D031 Patent)**

23.     Lisen repeats and incorporates by reference the allegations of paragraphs 1-22 above as if fully set forth herein.

24.     Wilson Carter, the founder and Chief Executive Officer of Clutch, purportedly owns right, title, and interest in and to the D031 Patent.

25.     There is an actual, substantial, immediate, and justiciable controversy between Lisen and Clutch regarding whether Lisen has infringed any claim of the D031 Patent by making, using, offering to sell, selling, and/or importing the Accused Products in the United States.

26.     Lisen has not infringed, and does not infringe, any claim of the D031 Patent under any applicable theory of design-patent infringement, including because the Accused Products do not embody the claimed ornamental design of the D031 Patent.

27.     Lisen is entitled to a declaratory judgment that neither Lisen nor the Accused Products infringe any claim of the D031 Patent, including under any applicable theory of design-patent infringement.

28.     Lisen expressly reserves the right to assert additional grounds of noninfringement as appropriate following the completion of discovery.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of the D031 Patent)**

29.     Lisen repeats and incorporates by reference the allegations of paragraphs 1-28

above as if fully set forth herein.

30. The D031 Patent is invalid for failure to meet the conditions of patentability or otherwise comply with one or more of 35 U.S.C. §§ 102 (e.g., lack of novelty), 103 (e.g., obviousness), 112 (e.g., lack of enablement, lack of written description, or definiteness), 171 (e.g., not ornamental), and/or non-statutory common law doctrines.

31. For example, the D031 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because prior art discloses the claimed design or renders the claimed design obvious. Without limiting the grounds of invalidity that Lisen may assert in this action, the prior art includes Clutch's May 22, 2019 public disclosure of the claimed ornamental design, Clutch's July 2020 Kickstarter disclosure of Clutch Charger V2, the CN307739746S Patent (the "CN746 Patent") attached as Exhibit   F   , the TNTOR Built in Cable Portable Power Bank (the "TNTOR Prior Art") attached as Exhibit     G     , and the JP0001581073S Patent (the "JP073 Patent") attached as Exhibit   H   . These references, when considered individually and/or in combination, anticipate or render obvious the D031 Patent.

32. The D031 Patent is also invalid under 35 U.S.C. § 112 for lacking enablement, lacking written description, and being indefinite.

33. The D031 Patent is also invalid under 35 U.S.C. § 171 because the claimed design fails to qualify as an ornamental design as required by statute.

34. The D031 Patent is also invalid under the judicially recognized functionality doctrine, because the claimed design, in whole or in part, is dictated solely by functional considerations and therefore is not an ornamental design.

35. There is an actual, substantial, immediate, and justiciable controversy between Lisen and Clutch regarding the invalidity of the D031 Patent. A judicial declaration is appropriate

and necessary to determine the parties' respective rights regarding the D031 Patent.

36.     Lisen is entitled to a declaratory judgment that the D031 Patent is invalid.

37.     Lisen reserves the right to assert additional grounds of invalidity after conducting discovery.

### THIRD CAUSE OF ACTION
**(Declaratory Judgment of Unenforceability of the D031 Patent Due to Inequitable Conduct)**

38.     Lisen repeats and incorporates by reference the allegations of paragraphs 1-37 above as if fully set forth herein.

39.     The D031 Patent is unenforceable due to inequitable conduct before the USPTO.

40.     During prosecution of the D031 Patent, Wilson Carter, as the sole inventor and applicant, owed a duty of candor and disclosure to the USPTO. Pursuant to 37 C.F.R. § 1.56, Wilson Carter had an affirmative obligation to disclose to the USPTO all information known to him to be material to the examination of the pending patent application. That duty extended to Wilson Carter's attorney(s) or agent(s) and all others substantially involved in the preparation and prosecution of the patent application.

41.     Based on Wilson Carter's May 21, 2026 response and on information and belief, the May 22, 2019 public disclosure and commercial launch concerned the same ornamental design claimed in the D031 Patent or, at a minimum, an ornamental design substantially similar to the claimed design.

42.     On information and belief, the "Clutch Charger V2" product disclosed and offered by Clutch in July 2020 on Kickstarter also bears a substantially similar overall appearance to the claimed design of the D031 Patent.

43.     The May 22, 2019 public disclosure and the July 2020 Clutch Charger V2

disclosure were material to patentability of the D031 Patent because they occurred more than one year before the filing date of the D031 Patent and would have rendered the claimed design unpatentable under 35 U.S.C. §§ 102 and/or 103. The USPTO would not have allowed the sole claim of the D031 Patent had it been informed that the claimed design, or substantially similar designs, had been publicly disclosed more than one year before the D031 Patent's filing date.

44. Despite the materiality of these pre-filing disclosures, the prosecution history of the D031 Patent does not reflect any applicant-filed Information Disclosure Statement, or any other applicant submission, disclosing the May 22, 2019 public disclosure or the July 2020 Clutch Charger V2 disclosure to the USPTO.

45. On information and belief, Wilson Carter knew of the May 22, 2019 public disclosure and the July 2020 Clutch Charger V2 disclosure before and during prosecution of the D031 Patent application, knew that these disclosures were material to patentability, and deliberately withheld them from the USPTO with the specific intent to deceive the USPTO.

46. As a result, the D031 Patent is unenforceable due to Wilson Carter's inequitable conduct.

47. There is an actual, substantial, immediate, and justiciable controversy between Lisen and Clutch regarding the unenforceability of the D031 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the D031 Patent.

48. Lisen is entitled to a declaratory judgment that the D031 Patent is unenforceable.

49. Lisen reserves the right to assert additional grounds of unenforceability after conducting discovery.

**RESERVATION OF RIGHTS**

50.     Lisen hereby reserves the right to supplement with additional claims or defenses as discovery proceeds in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Lisen respectfully prays for entry of judgment in its favor and against Clutch as follows:

A.     For judgment that neither Lisen nor the Accused Products infringe the D031 Patent under any applicable theory of design-patent infringement;

B.     For judgment declaring that the D031 Patent is invalid;

C.     For judgment declaring that the D031 Patent is unenforceable;

D.     For a finding that this case is exceptional under 35 U.S.C. § 285 and an award to Lisen of its reasonable attorneys' fees and costs;

E.     For an award of any equitable relief to which Lisen may be entitled, including a permanent injunction enjoining Clutch from making further allegations of infringement by Lisen of the D031 Patent based on the Accused Products; and

F.     For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lisen hereby demands a jury trial on all issues so triable.

Dated: this  9th   day of July, 2026.

Respectfully submitted,

*/s/   Ni Xue*
Ni Xue, Esq.
FL Bar #1026130
Kemet Law Group
1825 NW Corporate Blvd., Suite 110
Boca Raton, FL 33431
Tel: (561) 870-0605
Email: ni@kemetlawgroup.com,
         nixuesydney@gmail.com.

*Counsel for Plaintiff*


*/s/ Valerie Raphael*
Valerie Raphael, Esq.
Florida Bar Number: 1003514
**Kemet Law Group, LLC**
1825 NW Corporate Blvd., Suite 110
Boca Raton, FL 33431
Tel: (561) 870-0606
Email: valerie@kemetlawgroup.com
         KLGAssistant3@gmail.com

*Counsel for Plaintiff*